**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathleen Driesen, | No. CV 10-8061-PCT-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| First Revenue Assurance, LLC, | |
| Defendant. | |

Pending before the Court is Defendant First Revenue Insurance, LLC's Motion to Dismiss Count II of Plaintiff's Amended Complaint, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. 16). Having reviewed the motion and memorandum in support, as well as Plaintiff's response and Defendant's reply in support of the motion, the Court issues the following Order.

**I.   Factual and Procedural Background**

The complaint alleges that Defendant First Revenue Insurance, LLC, a corporation engaged in the practice of debt collection, contacted Plaintiff Kathleen Driesen in the course of attempting to collect a debt owed to Defendant's client. The original complaint, filed on April 21, 2010, contained two counts. Count I was brought under the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), and Count II was styled as a pendant "Common Law Invasion of Privacy by Intrusion" and was based on the same factual

allegations as Count I. (Doc. 1). On June 4, 2010, Plaintiff filed an Amended Complaint which changed her FDCPA allegations to a claim that Defendant contacted her with the intent to annoy, abuse, or harass. (Doc. 8). Plaintiff also added a claim for violation of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. §227, alleging that Defendant used an automatic dialer to contact her cell phone.

Defendant has filed a motion to dismiss Count II, arguing that TCPA gives state court exclusive jurisdiction over private causes of action and precludes federal courts from hearing such cases, even under supplemental jurisdiction. Defendant argues in the alternative that even if federal courts can have supplemental jurisdictions over TCPA claims, Plaintiff's two claims are sufficiently different, so that there is no supplemental jurisdiction over the TCPA claim in this case.

## II.    Discussion

The Court first considers whether the TCPA claim is one that can only be heard in state court, regardless of any potential supplemental jurisdiction. The TCPA states in relevant part,

> A person or entity may, **if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State**. –
>
>> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>>
>> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>>
>> (C) both such actions.

47 U.S.C. § 227(B)(3)(A-C) (emphasis added). Defendant argues that when Congress authorized jurisdiction over private TCPA actions in state courts without mentioning federal courts, Congress did not intend to grant federal jurisdiction over TCPA claims and cites Murphey v. Lanier, 204 F. 3d 911 (9th Cir. 2000). In Murphey, the Ninth Circuit held that although the TCPA is a federal law, the statute's language does not give claimants original federal court jurisdiction pursuant to 28 U.S.C. §1331. Id. at 915  Plaintiff agrees with Defendant and Murphey that the TCPA does not confer federal question jurisdiction but

- 2 -

1  states that the TCPA does not prevent federal district courts from hearing claims under the
2  TCPA where an independent basis for federal subject matter jurisdiction exists.  The cases
3  cited by Defendant, Murphey and International Science & Technology Institute, Inc. v.
4  Inacom Communications, Inc., 106 F. 3d 1146 (4th Cir. 1997), are not controlling because
5  they only address whether a TCPA claim is properly before the federal court pursuant to 28
6  U.S.C. §1331; the cases do not state that federal courts are precluded from hearing such
7  claims if another basis for jurisdiction exists, such as the supplemental jurisdiction statute,
8  28 U.S.C. § 1367(a).

9        Courts that have considered this issue, however, have concluded that federal courts
10 can have supplemental jurisdiction over TCPA claims under 28 U.S.C. § 1367(a). See,
11 Gottlieb v. Carnival Corp., 436 F.3d 335, 343 (2d Cir. 2006); Klein v. Vision Lab
12 Telecommunications, Inc., 399 F.Supp.2d 528, 534 (S.D.N.Y. 2005); Kinder v. Citibank,
13 2000 WL 1409762, at *3 (S.D. Cal. Sept. 14, 2000) (stating that nothing in the Ninth
14 Circuit's analysis in Murphey suggests that TCPA precludes district courts from hearing
15 private TCPA claims where some other independent basis for jurisdiction exists, such as
16 supplemental jurisdiction).

17       If the Court dismissed the TCPA claim for lack of jurisdiction, Plaintiff would
18 possibly re-file in state court creating parallel actions based on the same facts in two different
19 courts.  The court in Murphey mentioned the policy concerns of TCPA claim preclusion in
20 federal court stating that Congress sought to create a speedy, effective and inexpensive
21 remedy and that allowing federal courts to have original jurisdiction over such actions would
22 be costly. 106 F. 3d at 913.  To interpret the Murphey decision as precluding supplemental
23 jurisdiction would produce a result that is conflicting with the reasoning of that same
24 decision, because forcing parallel claims in different courts would be costly and duplicative.
25 This would waste judicial resources and create the possibility of conflicting factual findings
26 and legal holdings. See Klein, 399 F.Supp.2d at  534 (such an interpretation would also
27 undermine the purposes of supplemental jurisdiction).  Allowing supplemental jurisdiction,
28 by contrast, would not flood the federal courts with TCPA claims, since TCPA claims would

1 only be heard in federal court when the court has original jurisdiction over another related
2 claim.  Therefore, the Court finds that Plaintiff's TCPA claim is not barred from being heard
3 in federal court through supplemental jurisdiction.

4         The Court next turns to whether this Court has supplemental jurisdiction over the
5 TCPA claims in this case.  Federal courts have supplemental jurisdiction over any cause of
6 action that is of the same "case or controversy" as a claim for which the court has original
7 jurisdiction. 28 U.S.C. § 1367(a); see also Arbaugh v. Y & H Corp., 126 S.Ct. 1235, 1240
8 (2006). The case or controversy requirement is met and supplemental jurisdiction is
9 established where the claims arise from a "common nucleus of operative fact and the
10 "plaintiff's claims are such that she would ordinarily be expected to try them in one judicial
11 proceeding. United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1996).  Therefore, if the facts
12 supporting the FDCPA's cause of action, over which the Court has original federal question
13 jurisdiction under 28 U.S.C. §1331, are sufficiently similar to those supporting the TCPA
14 claim, then supplemental jurisdiction would be proper. Arbaugh 126 S.Ct. 1235, 1240.

15         Plaintiff's FDCPA claim arises under 15 U.S.C.§1692d(6), which makes it a violation
16 to cause a telephone to ring or engage any person in telephone conversation repeatedly with
17 the intent to annoy, abuse, or harass any person at the called number.  To establish a claim
18 under 15 U.S.C.§1692d(6), Plaintiff has to show that Defendant made multiple calls to a
19 number that Plaintiff owns and that Defendant did that with the intent to annoy, abuse or
20 harass Plaintiff. Plaintiff's TCPA claim arises under 47 U.S.C. §227(b)(1)(A)(iii), which
21 makes it illegal to make any call using any automatic telephone dialing system or an artificial
22 or prerecorded voice to any telephone number assigned to a cellular telephone service. Under
23 this statute, Plaintiff needs to prove that Defendant made a single call, that Defendant used
24 an automatic telephone dialing system or an artificial or prerecorded voice to place that call
25 and that her number that Defendant called is assigned to a cell phone.

26         Defendant argues that the Plaintiff's claims in this case do not arise from a common
27 nucleus of operative facts because of the different elements necessary to establish a claim
28 under the two statutes – between what the intent vs. strict liability, multiple calls vs. a single

- 4 -

1  call, any call initiating system vs. an automatic dialer. If different elements necessary to
2  establish various claims were alone sufficient to deprive courts of supplemental jurisdiction,
3  then 28 U.S.C. § 1367(a) would be meaningless.  In this case, however, all of Plaintiff's
4  claims arise from the Defendant's efforts to collect on its client's debts through telephone
5  contact.  Therefore, the Court finds that the claims arise from a "common nucleus of
6  operative fact" and would be expected to be heard in one judicial proceeding and that the
7  Court has subject matter jurisdiction over Plaintiff's TCPA claim under 28 U.S.C. § 1367(a).

**Accordingly,**

**IT IS HEREBY ORDERED** denying Defendant's Motion to Dismiss Count II of Plaintiff's Amended Complaint. (Doc.16).

DATED this 6th day of December, 2010.

_____
Mary H. Murguia
United States District Judge